UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK RANSOM, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-04266-JPH-DLP |
| WENDY KNIGHT, *et al.* | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Mark Ransom has filed a motion for appointment of counsel. Dkt. [19]. As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

First, in his motion, Mr. Ransom states that he "has reached out to several law firms, the ACLU, Indiana Disability Rights, and the U.S. Department of Justice," dkt. 19, p. 2, but he does not state how many lawyers he has contacted, how he contacted them, or what information he

1

provided them about his claims. He therefore has failed to show that he has made a reasonable effort to recruit counsel on his own.

Next, Mr. Ransom states that he has little legal knowledge, no access to the law library, and that other inmates have helped him draft his complaint. He also states that he has been transferred multiple times and is concerned about missing deadlines or not receiving orders from the Court. These allegations are insufficient to show that he cannot litigate his case at this time. First, the Court notes that this case is in its very early stages, making it difficult to assess whether Mr. Ransom has had difficulties pursuing it. Next, to the extent that he asserts that the he has little legal knowledge, he is in the same position as most prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson*, 750 F.3d at 712. In addition, while he states that other inmates have helped him draft his complaint, he does not explain the extent to which they assisted him. He therefore has not shown that he could not prepare documents for filing on his own. And, to the extent that he contends that he has been transferred and is concerned about missing deadlines or not receiving orders, he may request extensions of time when necessary and may periodically request a copy of the docket sheet, which lists all of the filings and orders in this case. In short, Mr. Ransom has not shown that he is incompetent to litigate this case at this time.

For these reasons, Mr. Ransom's motion for the appointment of counsel, dkt. [19], is **DENIED**. He may renew his motion for the appointment of counsel by filling out the form motion for assistance with recruiting counsel. The clerk is **directed** to send Mr. Ransom a motion for assistance recruiting counsel form with his copy of this Order.

**SO ORDERED.**

Date: 3/11/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK RANSOM
125443
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All Electronically Registered Counsel