UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK RANSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04266-JPH-DLP |
| ) | |
| WENDY KNIGHT, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Mark Ransom filed this civil rights action based on events that occurred while he was in custody at the Plainfield Correctional Facility. Mr. Ransom has since been released from custody. The defendants answered Mr. Ransom's claim, and discovery is ongoing. Mr. Ransom has moved for assistance with recruiting counsel.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

Because Mr. Ransom appears to have made reasonable efforts to obtain counsel on his own, *see* dkt. 79 at 2, the Court will decide, "'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d

1

647, 654-55 (7th Cir. 2007)). To decide this question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

Mr. Ransom has a GED, and he has no difficulty reading or writing English. He had some assistance litigating this case while he was incarcerated, *see* dkt. 79 at 3, but he has since continued litigating it on his own. Indeed, since his release, Mr. Ransom has served discovery requests on the defendants, including interrogatories, requests for production, and requests for admission. *See* dkt. 90 at 2. He has also complied with the Court's deadline by timely notifying the Court regarding his request for a settlement conference. Dkt. 84.

Before Mr. Ransom was in custody, one of his legs was amputated below the knee. The issues in this case center around Mr. Ransom's allegations that the defendants failed to accommodate this condition. Mr. Ransom made clear, logical allegations in his complaint and tailored those allegations to applicable legal theories. He has filed several motions and participated in the discovery process. In short, he appears competent to litigate his claims at this stage.

Mr. Ransom's primary basis for seeking counsel is "lack of knowledge with being able to litigate with other attorneys." Dkt. 79 at 3. But this is true of nearly all pro se litigants, and Mr. Ransom has so far proven up to the task. Accordingly, his motion for assistance with recruiting counsel, dkt. [79], is **DENIED**.

If Mr. Ransom requires additional time to comply with any Court-ordered deadline, he should file a motion with the Court requesting such time.

**SO ORDERED.**

Date: 2/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK RANSOM
12291 Saint Augustine St.
Leopold, IN 47551

All Electronically Registered Counsel